**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONGRI NAN,<br><br>                  Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>             Respondent. | No. 11-73334<br><br>Agency No. A099-440-176<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Longri Nan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination, based on Nan's inconsistent and admittedly dishonest statements regarding his place of birth and elementary school, the discrepancy between his testimony and supporting documentation regarding when he moved, and his failure to provide corroborating evidence of his employment requested by the IJ. *See id.* at 1043-44; *Ren v. Holder*, 648 F.3d 1079, 1093-94 (9th Cir. 2011). The agency was not compelled to accept Nan's explanations for these inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). In the absence of credible testimony, Nan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Nan's CAT claim is based on the same testimony the BIA found not credible, and the record does not otherwise compel the conclusion that it is more likely than not that he will be tortured if returned to China, his CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**